IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORI HOCKENBERRY, | : | Civil Action No. 4:15-CV-0793 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| CAROLYN COLVIN, *Acting Commissioner of Social Security,* | : | |
| | : | (Magistrate Judge Cohn) |
| Defendant. | : | |

**ORDER**

December 14, 2016

This matter is an action for social security benefits which have been denied by both the Acting Commissioner of Social Security and, before that, by an administrative law judge. Plaintiff filed the instant action on April 22, 2015, and it was assigned jointly to the undersigned and to a magistrate judge.

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1] Once filed, this Report and Recommendation is

---

[1] 28 U.S.C. 636(b)(1)(B).

1

disseminated to the parties in the case who then have the opportunity to file written objections.[2] On September 12, 2016, Magistrate Judge Gerald B. Cohn, to whom this matter is jointly assigned, issued a thorough report and recommendation recommending that the undersigned affirm the decision of the Commissioner of Social Security denying Plaintiff social security benefits.

Plaintiff filed an objection to the report and recommendation on September 27, 2016.[3] When objections are timely filed, the District Court must conduct a de novo review of those portions of the report to which objections are made.[4] Although the standard of review for objections is de novo, the extent of review lies within the discretion of the District Court, and the Court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[5] For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[6] Regardless of

---

[2] 28 U.S.C. 636(b)(1).

[3] ECF No. 24.

[4] 28 U.S.C. § 636(b)(1); *Brown v. Astrue,* 649 F.3d 193, 195 (3d Cir.2011).

[5] *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

[6] Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (*citing Henderson v. Carlson*, 812 F.2d

whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[7]

Because I write solely for the parties, I will not restate the facts, but adopt the recitation of facts as set forth by the magistrate judge and will address Plaintiffs two objections only.

First, "Plaintiff objects to the Magistrate Judge's interpretation of "medical opinion" and "treating source" as they are addressed in 20 CFR § 404.1527." Specifically, Plaintiff objects to the magistrate judge's finding that the administrative law judge should be allowed to reject treating physician Sandra Fowler, M.D.'s written statement that Plaintiff was "working well beyond her physical capacity to provide for her family" as a medical opinion.

The magistrate judge indicated that the type of opinion contained in Dr. Fowler's statement is a conclusion as to disability, a conclusion which is reserved for the Commissioner pursuant to 20 C.F.R. 404.1527(d).[8]  I agree.

---

874, 878 (3d Cir.1987) (explaining that judges should give some review to every report and recommendation)).

[7]28 U.S.C. § 636(b)(1); Local Rule 72.31.

[8]The text of that section is as follows:

(d) Medical source opinions on issues reserved to the Commissioner. Opinions on some issues, such as the examples that follow, are not medical opinions, as described in paragraph (a)(2) of

Dr. Fowler's opinion as to disability does not mean that the Commissioner is required to find that the Plaintiff is disabled as defined by the Social Security Act. There was substantial evidence for Defendant to rely on in finding that Plaintiff was not, in fact, disabled under the Act.

Plaintiff's second objection is "the Magistrate Judge's failure to consider the Plaintiff's waxing and waning symptom of fatigue in evaluating her credibility." Plaintiff did not expound on her objection, aside from the text that I have noted here. For that reason, I respectfully disagree. Both the magistrate judge and the administrative law judge considered both Plaintiff's subjective testimony of fatigue together with the medical records in which it is noted, frequently, that Plaitniff denied having fatigue. Therefore, without more from Plaintiff, I am satisfied after

---

this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability.(1) Opinions that you are disabled. We are responsible for making the determination or decision about whether you meet the statutory definition of disability. In so doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled. A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled.(2) Other opinions on issues reserved to the Commissioner. We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments in appendix 1 to this subpart, your residual functional capacity (see §§ 404.1545 and 404.1546), or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.(3) We will not give any special significance to the source of an opinion on issues reserved to the Commissioner described in paragraphs (d)(1) and (d)(2) of this section.

20 C.F.R. § 404.1527

conducting a *de novo* review of the record that there was no error in denying her social security benefits.

Accordingly, the report and recommendation of the magistrate judge is ADOPTED IN FULL.  September 12, 2016, ECF No. 23.  The decision of the Commissioner is AFFIRMED.  The Clerk is directed to enter judgment in favor of the Commissioner and against the Plaintiff.  The Clerk is further directed to close the case file.

                        BY THE COURT:

                         s/ Matthew W. Brann
                        Matthew W. Brann
                        United States District Judge